FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2018 MAY 29 PM 1:52

CLERK J. Hodse
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 117-060 |
| | * | |
| CALVIN DEVEAR LAWYER | * | |

## ORDER ON OBJECTION

A sentencing hearing with respect to the Defendant in the captioned case was conducted before the Court on May 23, 2018, beginning at approximately 3:06 p.m. At the conclusion of the sentencing, at approximately 5:21 p.m., counsel for the Defendant rose to "object to the sentence as being substantively and procedurally unreasonable . . . . The Court considered factors that were not part of the guidelines . . . ." Counsel further explained the defense objection to the Court's reading and expressed concern relative to portions of the Defendant's application and supporting data for Section 8(a) status as a "disadvantaged businessman." The Court broached this topic earlier in the day during a conference call with counsel for both parties when it asked the Assistant United States Attorney to turn over the relevant Section 8(a) documents to the United States Probation Office to facilitate this Court's review.[1] The

---

[1] The Court referred to the documents during the sentencing hearing and marked them as Exhibits 1 through 15 at the conclusion of the hearing.

documents existed in the Government's case file, and pursuant to this district's open file discovery policy, had been provided to counsel for the Defendant well prior to sentencing.

The case against this Defendant was initiated by an indictment which was supplanted by the Defendant's guilty plea to an information. The Defendant thereby enjoyed the protection of a maximum statutory penalty of 60 months when his guilty plea was accepted by the Court. With an offense conduct level of 37 and a criminal history category of I, the putative sentencing guideline range for this Defendant was 210 to 262 months, significantly higher than the statutory maximum which, of course, controls.

It is generally true that materials, issues, or information which may potentially affect guideline sentencing must be disclosed with adequate notice prior to sentencing, thus affording the Defendant an opportunity to be heard thereon. Of note here, the Presentence Investigation Report ("PSIR") provides:

> According to U.S. Army CID, . . . Lawyer made **false representations** to the U.S. Army, the Small Business Administration (SBA), and others which resulted in CREC Group being awarded an 8(a) status through the SBA's Business Development Program.

(PSIR ¶ 7 (emphasis added).) There was no defense objection to this paragraph of the PSIR. This provision prompted the Court's request for the documents relative to the application

2

process for the Section 8(a) disadvantaged contractor status, and the Court disclosed this request to counsel for each of the parties during the morning conference call. Further, references to the relevant documents, marked as Exhibits 1 through 15 at the conclusion of the hearing, appear with clarity in the record of the sentencing proceeding. These documents are important because they show the Defendant's disingenuousness and mendacity early in the process of his transformation from a high ranking Army officer to his desired status as a Section 8(a) contractor not subject to competitive bidding procedures. As stated, the documents had been disclosed to defense counsel in discovery.

Here, as the record will show, the Court relied principally upon statutory principles, particularly those elements of 18 U.S.C. § 3553(a), with emphasis on subsections (a)(1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; and (2) "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, [and] (B) to afford <u>adequate deterrence</u> to criminal conduct." 18 U.S.C. § 3553 (emphasis added). Moreover, the importance of 18 U.S.C. § 3661 cannot be ignored. That section provides:

> No limitation shall be placed on the information concerning the background, character, and conduct

of a person convicted of an offense which a court
of the United States may receive and consider for
the purpose of imposing an appropriate sentence.

18 U.S.C. § 3661. Most importantly, the Court sentenced the Defendant precisely at the "guideline term" as modified by the statutory maximum.[2]

Upon the foregoing, as stated from the bench at the conclusion of the sentencing hearing, the objection made by counsel for Defendant Lawyer, duly noted on the record, is hereby **DENIED**.

**SO ORDERED** this 29th day of May, 2018, at Augusta, Georgia.

                                                       UNITED STATES DISTRICT JUDGE

---

[2] In actuality, there is no guideline "range"; thus, the Court did not consider the guideline sentencing range in the typical sense. That is, no consideration was given to the guideline range of 210 to 262 months imprisonment. Rather, when the Defendant pled guilty to the single-count information, the "guideline term of imprisonment" became the statutory maximum penalty of 60 months. (PSIR ¶¶ 70-71.)